**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4553**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOSE LUIS PAREDES,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:06-cr-00255-D-2)

_____

Submitted:  April 24, 2008        Decided:  April 28, 2008

_____

Before KING and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Slade C. Trabucco, SULLIVAN, TRABUCCO & WAGONER, LLP, Wilmington, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Paredes pled guilty to aiding and abetting an armed bank robbery, 18 U.S.C. §§ 2, 2113(a), (d) (2000) (Count One), and possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5) (2000) (Count Three), and was sentenced to a term of eighty months imprisonment, followed by supervised release terms of five years on Count One and three years on Count Three. Paredes' appellate attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), acknowledging that Paredes waived his right to appeal his sentence and stating that, in his view, there are no meritorious issues for appeal, but challenging the enhancement Paredes received for discharge of a firearm, U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(A) (2006).

Paredes has filed a pro se supplemental brief alleging ineffective assistance of counsel, stating that he now wishes to withdraw his guilty plea to Count Three, and asserting that his sentence was unreasonable. For the reasons explained below, we affirm Paredes' conviction, but grant the government's motion to dismiss Paredes' appeal of his sentence.

Our review of the record discloses that the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Paredes' guilty plea, and that the guilty plea was knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (defendant's statements at guilty plea hearing presumed

- 2 -

true). In addition, when the district court questions a defendant about the waiver provision in his plea agreement before accepting his plea, as happened here, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively demonstrates ineffectiveness, which is not the case here. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find no merit in the other issues raised in the pro se supplemental brief.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Paredes' conviction, but dismiss his appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART